**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 26-10335

C.J. GRISHAM,
*Plaintiff-Appellant,*

v.

TIM O'HARE, in his personal and official capacities; CHIEF DEPUTY CRAIG DRISKELL, in his supervisory, official, and personal capacities; CHIEF DEPUTY JENNIFER GABBERT, in her personal and official capacities; SERGEANT ORVILLE GEORGE, in his personal and official capacities; SERGEANT MICHAEL JAUSS, in his personal and official capacities; and TARRANT COUNTY,
*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-716

---

**APPELLANT'S MOTION FOR RECONSIDERATION OF THE ORDER DISMISSING THE APPEAL AND TO REINSTATE THE APPEAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

Plaintiff-Appellant C.J. Grisham respectfully moves the Court to reconsider and vacate its August 11, 2026 order striking his reply brief and dismissing this appeal for want of prosecution under 5th Cir. R. 42.3, and to reinstate the appeal so that it may be decided on the merits. In support, Appellant respectfully shows the following.

## I. INTRODUCTION

1. This appeal was timely taken and timely briefed. Appellant filed his reply brief on July 2, 2026, within the time allowed. The brief itself complied with the type-volume, typeface, and formatting requirements of the Federal Rules of Appellate Procedure and this Court's rules, and it was properly served on all parties. The sole deficiency the Clerk identified was that the version uploaded did not bear Appellant's signature on the certificate of compliance and the certificate of service. The brief, in other words, was compliant and served; Appellant simply failed to notice that he had uploaded an unsigned copy of those two certificates.

2. That defect is minor, technical, and readily curable. It is not a failure to prosecute the appeal in any meaningful sense, and it does not touch the substance of the constitutional questions this appeal presents. Appellant respectfully submits that dismissing an entire appeal as a sanction for two missing signatures, where the appeal was timely and the briefing complete and served, is disproportionate to the defect and contrary to this Court's strong preference for deciding appeals on their merits.

## II. BACKGROUND

3. On July 2, 2026, Appellant timely filed his reply brief.

4. On July 5, 2026, the Clerk notified Appellant that the reply brief was deficient because the uploaded version lacked signatures on the certificate of

compliance and the certificate of service, and directed that the deficiency be corrected within fourteen days. See Order (Aug. 11, 2026).

5. Appellant was away from his office on a previously scheduled two-week family vacation that began on July 1, 2026. He traveled to South Carolina to visit his grandchildren and did not return to his office until July 21, 2026. Because he was traveling when the Clerk's July 5 notice issued, he did not see the notice during the correction period.

6. Upon returning to his office on July 21, 2026, and while working through the matters that had accumulated during his absence, Appellant discovered the Clerk's deficiency notice. On July 24, 2026, he filed a corrected reply brief bearing his signature on both the certificate of compliance and the certificate of service, curing the only defect the Clerk had identified. The substance of the brief was unchanged. Although that corrected filing came a few days after the fourteen-day correction period had run, Appellant acted promptly upon discovering the notice.

7. On August 11, 2026, the Court entered an order striking the previously filed brief and directing the Clerk to dismiss the appeal for want of prosecution under 5th Cir. R. 42.3.

8. Appellant does not offer his absence as an excuse. He is a licensed attorney and understands that he bears the responsibility to monitor his deadlines even while away from the office. This is, however, Appellant's first appeal before

this Court, and the missed correction window was the product of an honest oversight during a scheduled family absence, not neglect of the appeal or any disregard for the Court's rules. Appellant, who has practiced law for only approximately three years, was unaware until now that the appropriate practice when counsel will be unavailable for an extended period is to file a vacation letter notifying the Court of the planned absence. He has since learned that filing such a letter is the best safeguard against precisely this kind of oversight, and he will file a vacation letter before any future absence. See Declaration of C.J. Grisham (attached). Appellant moved to cure the defect the moment he learned of it, and he now respectfully asks the Court to reconsider a dismissal that rests solely on that curable defect.

## III. ARGUMENT

### A. This Court strongly prefers to decide appeals on their merits, and dismissal for want of prosecution is a disfavored sanction reserved for genuine defaults.

9. It is a settled principle of federal appellate practice that cases should be resolved on their merits whenever reasonably possible. "[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Osterberger v. Relocation Realty Serv. Corp.*, 921 F.2d 72, 74 (5th Cir. 1991) (*quoting Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 31316-17, 108 S. Ct. 2405, 2408-09 (1988)).

Dismissal for want of prosecution under 5th Cir. R. 42.3 is a severe sanction, appropriate for genuine failures to prosecute an appeal, and it is not designed to punish minor, curable, and non-prejudicial procedural missteps. Where a lesser course will fully protect the Court's rules and the opposing parties, the drastic step of dismissing a timely, fully briefed appeal is not warranted.

10. The defect here was neither jurisdictional nor substantive. The notice of appeal was timely, vesting this Court with jurisdiction, and the reply brief was timely filed, complete, compliant in substance, and served on every party. The only thing missing was Appellant's signature on two certificates in the copy that was uploaded. A curable omission of a signature on a certificate does not reflect a failure to prosecute an appeal; it is precisely the kind of ministerial defect that is corrected as a matter of routine, and Appellant did in fact correct it.

**B. Good cause and excusable neglect support reinstatement.**

11. Because Appellant's corrected certificates were filed on July 24, 2026, a few days after the fourteen-day window set by the Clerk had closed, the short delay is properly evaluated as excusable neglect. The Supreme Court has instructed that whether neglect is "excusable" is an equitable determination "taking account of all relevant circumstances surrounding the party's omission. These include…the danger of prejudice to the [parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the

reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

12. Each of those considerations favors reinstatement. There is no prejudice to Appellees: the reply brief was timely served on them in July, they have long had its substance, and reinstating the appeal asks nothing more of them than that it proceed as briefed. The delay was short; Appellant discovered and corrected the defect within days of returning from his scheduled absence, and the correction was on file within weeks of the Clerk's notice. The reason for the delay was a good-faith oversight during a pre-planned family vacation, compounded by the fact that this is Appellant's first filing in this Court. And Appellant has at all times acted in good faith, moving to cure the defect the moment he learned of it and now promptly seeking reconsideration.

**C. Reinstatement under 5th Cir. R. 42.4 is timely and appropriate.**

13. This Court's rules expressly contemplate the reinstatement of an appeal dismissed for want of prosecution. See 5th Cir. R. 42.4. This motion is filed promptly after the August 11, 2026, order and well within any period applicable to a request for reinstatement. The defect that prompted dismissal has already been cured. Reinstating the appeal therefore imposes no continuing burden on the Court or the parties and permits the appeal to proceed exactly as it stood before the deficiency notice issued.

**D. The interests of justice and the public interest weigh heavily in favor of reconsideration.**

14. This appeal presents substantial constitutional questions whose resolution reaches well beyond the parties to this case. Appellant is informed and believes that the issues raised bear directly on numerous other cases currently being litigated in Texas, such that a decision on the merits will provide guidance of broad importance. Dismissing the appeal on a two-signature technicality would leave those questions unresolved and would impose a severe and disproportionate consequence on Appellant for a defect that caused no prejudice to anyone and has since been cured. The interests of justice strongly favor allowing this appeal to be heard on its merits rather than terminated on a clerical oversight.

## IV. CONCLUSION AND PRAYER

15. For the foregoing reasons, Appellant C.J. Grisham respectfully requests that the Court: (1) reconsider and vacate its August 11, 2026, order striking his reply brief and dismissing this appeal; (2) reinstate the appeal; (3) accept the corrected reply brief bearing the required signatures on the certificate of compliance and the certificate of service; and (4) allow this appeal to proceed to decision on the merits. Appellant further requests all other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

*/s/ C.J. Grisham*______________
C.J. Grisham
Texas State Bar No. 24124533
GFA Law, PLLC
3809 S. General Bruce Dr., Suite 103-101
Temple, Texas 76502
Telephone: 254-405-1726
cj@gfalaw.us

**Plaintiff-Appellant, Pro Se**

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1,338 words.

2. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ CJ Grisham*____________________
C.J. Grisham

## CERTIFICATE OF SERVICE

I certify that on July 12, 2026, I electronically filed the foregoing motion with the Clerk of the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, which will serve a true and correct copy on all counsel of record.

*/s/ CJ Grisham*____________________
C.J. Grisham

**DECLARATION OF C.J. GRISHAM**

I, C.J. Grisham, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff-Appellant in this appeal. I am over the age of eighteen and competent to make this declaration. The facts stated below are within my personal knowledge.

2. I was out of my office on a previously scheduled family vacation from July 1, 2026, through July 20, 2026. During that time, I traveled to South Carolina to visit my grandchildren.

3. On July 5, 2026, while I was away, the Clerk issued a notice that my reply brief was deficient because the uploaded copy did not bear my signature on the certificate of compliance and the certificate of service. I did not see that notice while I was traveling.

4. I returned to my office on July 21, 2026. While reviewing the matters that had accumulated during my absence, I discovered the Clerk's notice. On July 24, 2026, I filed a corrected reply brief bearing my signature on both certificates. The substance of the brief was unchanged.

5. I have been licensed to practice law for approximately three years. Until this matter, I was not aware that the appropriate practice when counsel will be unavailable for an extended period is to file a vacation letter notifying the court of

the planned absence. I have since learned that filing such a letter is the best way to guard against this kind of oversight, and I will file a vacation letter before any future absence.

6. My failure to correct the deficiency within the fourteen-day period was the result of my scheduled absence and this oversight, and not any disregard for the Court or its rules.

Executed on August 12, 2026.

________________________________

C.J. Grisham